UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA HELLEM ) | Case Number |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| NATIONAL ACTION FINANCIAL ) | |
| SERVICES, INC. ) | JURY TRIAL DEMANDED |
| Defendant ) | |
| ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Andrea Hellem, by and through her undersigned counsel, Bruce K. Warren, Esquire, of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

I.  **INTRODUCTORY STATEMENT**

1. Plaintiff, Andrea Hellem, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of New York General Business Law §349 and General Business Law §601.

II. **JURISDICTION**

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and Defendant maintains a registered office in this District.

### III. PARTIES

4. Plaintiff, Andrea Hellem, ("Plaintiff") is an adult natural person residing at 115 Rotonda Lakes Circle, Apartment 7, Rotonda West, Florida 33947. At all times material and relevant hereto, Plaintiff is a ("consumer") as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, National Action Financial Services, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Florida and the state of New York with its principal place of business located at 165 Lawrence Bell Drive, Ste 100, Williamsville, NY 14221 and a location at 116 Pine Street, Ste 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or around March 31, 2010, Plaintiff started to receive calls from Defendant in regards to a debt allegedly owed to HSBC for approximately $1,117.36.

8. Around that same time, Plaintiff informed the Defendant that she had retained the services of personal legal counsel to help aid her in her debt settlement negotiations and that they should call her attorney directly in this matter.

9. On or about that same day, Plaintiff's attorney sent a cease and desist letter to the Defendant. **See Exhibit "A" (letter) attached hereto.**

10. Plaintiff continued to receive automated calls from Defendant collecting on this debt.

11. On or about July 29, 2010, Plaintiff received a call from Defendant's agent, "Cory Edward", who told the Plaintiff that he knew that she had an attorney and they did in fact receive a cease and desist letter, however, cease and desist expire after thirty (30) days so they knew that after that time they could start collecting on the account again.

12. Plaintiff again insisted Defendant's agent, "Cory Edward", call and work with her legal counsel.

13. Defendant continued to refuse to deal with Plaintiff's attorney.

14. Defendant's agent, "Cory Edward", stated that even if Plaintiff's attorney was to send them another cease and desist letter the Defendant would wait the allotted days and just start calling Plaintiff again.

15. During the same call, Plaintiff was offered a settlement of $279.00 if she would just work with the Defendant directly.

16. Plaintiff explained to Defendant's agent, "Cory Edward", that she could not afford even that amount of money.

17. Defendant's agent, "Cory Edward", asked the Plaintiff to explain then how she could afford a high priced lawyer and not be able to pay her debts.

18. Before ending the call with the Plaintiff, Defendant's, agent, "Cory Edward", stated that no matter how many letters Plaintiff's attorney chooses to send the Defendant they will just call back in thirty (30) days to try and get their money.

19. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

20. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

21. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish

and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c) | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |

| | |
|---|---|
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, National Action Financial Services, Inc. and Order the following relief:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

28. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

29. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

30. GBL §349 provides in relevant part as follows:

    (a)    Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

    (g)    This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct any inquiry

    (h)    In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover her actual damages or fifty dollars whichever is greater, or both such actions.  The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section.  The court may award reasonable attorney's fees to a prevailing Plaintiff.

31.    As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III

### Violations of New York General Business Law §601

32. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

33. Under New York General Business Law §601, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

34. GBL §601 provides in relevant part as follows:

    (a)    Communicate with the debtor or any member of his family or household with such frequency or at such unusual hours or on in such a manner that can reasonably be expected to abuse or harass the debtor.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: May 27, 2011

BY: _____

Bruce K. Warrens, Esquire
Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
bkw@w-vlaw.com
Attorney for Plaintiff